UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JPMORGAN CHASE BANK, N.A.,

          Plaintiff,

v.

JAMES FARAH, et al.,

          Defendants.

Civ. No. 16-cv-3056 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of the plaintiff, JPMorgan Chase Bank, N.A. ("JPMorgan"), to remand this removed mortgage foreclosure case to State court. (ECF no. 4) For the reasons stated herein, the motion to remand is granted.

**A.   Procedural History**

The state court pleadings were summarized in my Opinion in a related case, *Farah v. LaSalle Bank Nat'l Ass'n,* Civ. No. 15-2602 (ECF no. 31 in that case, at 7–8). I note, however, that copies of the most pertinent pleadings are also attached to the Notice of Removal in the above-captioned action (ECF no. 1-3).

1. On February 27, 2014, JPMorgan filed a Complaint for Foreclosure New Jersey Superior Court, Morris County, under Docket No. F-007425-14.

2. On April 8, 2014, Farah filed his answer, defenses, and counterclaims.

3. On September 26, 2014, JPMorgan filed a motion for summary judgment.

4. On October 27, 2014, the state court, per Stephan C. Hansbury, P.J. Ch., filed an order providing (1) that summary judgment on

1

the merits of the mortgage foreclosure was granted; (2) that Farah's answer, defenses and counterclaims were stricken with prejudice; (3) that Farah's counterclaims were dismissed with prejudice; (4) that the matter would be transferred to the Foreclosure Unit to proceed as an uncontested matter.[1]

5. On November 14, 2014, Farah moved for reconsideration of summary judgment.

6. On January 5, 2015, the state court, per Stephan C. Hansbury, P.J. Ch., filed an order and statement of reasons denying Farah's motion for reconsideration.

In short, this is a state court mortgage foreclosure proceeding that was deemed uncontested following an award of summary judgment. The next step, obtaining a final judgment of foreclosure, has not been accomplished.

On February 12, 2016, the State court administratively dismissed this foreclosure action for lack of prosecution, without prejudice to reinstatement for good cause. (A copy of the relevant order is attached to the Notice of Removal, ECF no. 1-3 at 32–36) On April 4, 2016, JPMorgan filed a motion to vacate the dismissal and reinstate the foreclosure case. The motion seems to have been fully briefed as of May 12, 2016. (ECF no. 4-3; ECF no. 1-3 at 40–43; ECF no. 6-4)

It was shortly thereafter, on May 27, 2016, that Mr. Farah filed his Notice of Removal of the foreclosure action to this Court. (ECF no. 1) The State Court, learning of this, denied JPMorgan's motion to reinstate the case. (ECF no. 4-3) Stephan C. Hansbury, P.J., Chancery Division, explained that because this federal Court had docketed the case, the State court "presently ha[d] no jurisdiction to decide Plaintiff's motion. Notably, however, this Court is denying Plaintiff's motion without prejudice in the event that the matter is remanded

---

[1] An uncontested action is one in which (1) all defendants have failed to answer or plead; or, as more relevant here, "(2) none of the pleadings responsive to the complaint either contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose it; or (3) all the contesting pleadings have been stricken or otherwise rendered noncontesting." N.J. Ct. R. 4:64-1(c).

back to this Court from Federal Court. Plaintiff's argument that Defendant improperly removed this matter to Federal Court must be made before The Honorable Kevin McNulty, U.S.D.J., who[] is the assigned Federal Judge to this matter." (ECF no. 4-3)

Hence this motion to remand the action to State Court, which JPMorgan filed on June 27, 2016. (ECF no. 4) Mr. Farah filed a brief in opposition (ECF no. 5), and JPMorgan has filed a reply (ECF no. 6).

### B.   Discussion

Defendant removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and doubts are resolved in favor of remand. *See Samuel–Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court. What that means, in this context, is that the complaint either asserts a federal-law claim, *see* 28 U.S.C. § 1331, or the parties are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a).

There are threshold grounds which would require a remand. In addition, federal jurisdiction has not been established.

First, removal of this case was improper because there was no case to remove. When Mr. Farah filed his notice of removal, the State court clerk had administratively dismissed the foreclosure action without prejudice. JPMorgan's motion to reinstate the case was pending, but had not been granted. When the motion was decided, the removal had already occurred, so Judge Hansbury necessarily found that he lacked jurisdiction to continue, and denied the motion without prejudice to renewal if the case were remanded from this Court. *See Fourez v. United States*, No. 09-19-DRH, 2009 WL 1151649, at

3

\*1 (S.D. Ill. April 29, 2009) (dismissing removed case because at the time of removal the state case had been voluntarily dismissed, so "there was not a case or controversy pending and thus nothing to remove"); *Chamberlain v. Amrep, Inc.*, No. CIVA3:04-CV-1776-B, 2004 WL 2624676, at \*2 (N.D. Tex. Nov. 18, 2004) (state court dismissal order "left Amrep with nothing to remove. It was not until the state court issued an order reinstating the case that Amrep could have removed the action.").

Second, removal of this case was untimely. The removal statute, 28 U.S.C. § 1446(b), requires that a notice of removal be filed within 30 days of the defendant's receipt of the original complaint by service or otherwise.[2] This foreclosure action was filed in state court on February 27, 2014. Mr. Farah filed his answer and counterclaims on April 8, 2014, so he surely had received the complaint by then. (A copy of the Answer is attached to the Notice of Removal, ECF no. 1-1 at 22) The Notice of Removal was filed over two years later, on May 27, 2016. This time limit is a procedural bar to removal, independent of any jurisdictional question. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one.")

Mr. Farah cites 28 U.S.C. § 1446(b)(3), which provides that, where a case was not removable based on the original complaint, the 30-day period may start to run "upon receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained

---

[2]

> (b) Requirements; Generally.—
>
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

that the case is one which is or has become removable." [3] Classically, this provision comes into play where, for example, the original complaint did not contain a federal claim, but an amended complaint does.

In his response, Mr. Farah cites the Fair Debt Collection Practices Act (FDCPA)—in particular, notices he has received from JPMorgan that cite the FDCPA. This action is a state law action to foreclose a mortgage, not an action under the FDCPA. But for purposes of the timeliness analysis, set that aside. One such notice was attached to the original complaint, which dates from over two years ago. Assuming the FDCPA could have furnished a basis for removal, it was known to Mr. Farah at the time of the complaint; the complaint did not "become" removable based on further such notices. The 30-day time limit ran from the service of the complaint, and did not start to run afresh.

Where the basis for removal is this court's diversity jurisdiction, there is in any event an outside deadline of one year, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The basis for removal here does not seem to be diversity. But in any event there is no indication of bad faith that would excuse the one year deadline. All the defendant needs to know is the State citizenship of the parties and the dollar amount in controversy. *See*

---

[3]
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

28 U.S.C. § 1332. There is no allegation that JPMorgan did, or even could have, acted in bad faith to conceal those facts from Mr. Farah. He knows his own citizenship; he knows the amount of his mortgage and the size of the alleged default; and the citizenship of JPMorgan and any other corporate party are easily ascertainable.

Third, there is no plausible allegation of federal jurisdiction. The plaintiff—here, JPMorgan—is master of its complaint, and can decide whether to assert a federal claim, a state claim, or both. In analyzing federal subject matter jurisdiction, the courts have traditionally looked to the "well-pleaded complaint" rule. That rule holds that a cause of action "'arises under' federal law, and removal is proper, only if there is a federal question presented on the face of the plaintiff's properly pleaded complaint." *DeJoseph v. Continental Airlines, Inc.*, 18 F. Supp. 3d 595, 599 (D.N.J. 2014) (citing *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995)). *See also Homes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832, 122 S. Ct. 1889 (2002) (particularly instructive in that it took a subsequent statutory amendment to create an exception to the well-pleaded complaint rule that now encompasses patent-law counterclaims, *see* 28 U.S.C. § 1454(a)).

This is an action to foreclose a mortgage—quintessentially a state law case. True, a bank collecting amounts due under a mortgage is subject to federal laws and regulations. But that is not the legal basis of the claim that JPMorgan asserts in the foreclosure action. Nor does the bank's furnishing of required notices of federal rights transform a state-law mortgage foreclosure into a federal-law complaint. What Mr. Farah is really saying is that *he* is asserting counterclaims and defenses based on JPMorgan's alleged noncompliance with federal law. That does not create federal court jurisdiction over a state law action filed in state court. *See, e.g., Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401–02 (D.N.J. 2015) (ordering remand because

mortgage foreclosure is state law case, and defendant's assertion of issues under the FDCPA does not create federal jurisdiction).[4]

## CONCLUSION

For the reasons stated above, the motion of the plaintiff, JPMorgan Chase Bank, N.A., to remand this case to state court, pursuant to 28 U.S.C. § 1447, is GRANTED.

Dated: December 16, 2016

_____
HON. KEVIN MCNULTY, U.S.D.J.

---

[4] Mr. Farah's opposition (ECF no. 5) makes it clear that he is claiming federal question, not diversity, jurisdiction. At any rate, there are no reasonably clear diversity allegations, and any assertion of diversity jurisdiction would be untimely. *See supra.*